UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEKESHA W. FLEETWOOD,<br><br>    Plaintiff,<br>v.<br><br>VERITAS INSTRUMENT RENTAL, INC.; and DOES 1-10 inclusive,<br><br>    Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

For this Complaint, the Plaintiff, Dekesha W. Fleetwood, through counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, § O.C.G.A. 10-1-399 *et seq.*, right to privacy, right to be left alone, and unreasonable collection practices.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

- 1 -

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Dekesha W. Fleetwood (hereinafter "Plaintiff") is a natural person who resides in the County of Fulton, State of Georgia, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Defendant Veritas Instrument Rental, Inc. ("Defendant") is a Florida business entity, with an address of 10720 Park Blvd Suite F Seminole, Florida 33772, and is a "person" as defined by 47 U.S.C. § 153(39).

6. Does 1-10 (the "Agents") are individual agents employed by Defendant and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Defendant at all times acted by and through one or more of the Agents.

## FACTS

8. In or around March 29, 2012, Defendants called Plaintiff's cellular telephone, number XXX-XXX-7801.

9. At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" and/or used an artificial or prerecorded voice.

10. Defendants never had consent to call Plaintiff's cellular phone.

11. Nonetheless, Defendants continued to call Plaintiff's cellular telephone.

12. Plaintiff asked Defendants to stop calling her cell phone when they first started calling.

13. Nonetheless, Defendants continued to call Plaintiff's cellular telephone.

14. Within four years immediately preceding the filing of this lawsuit, Defendants and their agents telephoned the Plaintiff's cellular telephones on numerous occasions in violation of the TCPA.

## COUNT I.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 et seq.

15. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular phone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

17. In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…" *2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers that phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In

- 4 -

addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*. Further, the *2015 TCPA Order* (FCC 15-72), the FCC affirmed "that dialing equipment generally has the capacity to store or produce, and dial random or sequential numbers (and thus meets the TCPA's definition of 'autodialer') even if it is not presently used for that purpose, including when the caller is calling a set list of consumers."

18. Defendants' telephone systems have some of the earmarks of a Predictive Dialer. Often times when Plaintiff answered the phone, she was met with a recording before Defendants' telephone system would connect her to the next available representative, a delay would exist before being connected, and other times the call would hang up on her.

19. Upon information and belief, Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Despite Plaintiff never giving permission to call her cell phone and directing Defendants to cease all calls to her cellular telephone once they began, Defendants continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call her number many times. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 277(b)(1).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. The Plaintiff is entitled to statutory damages under the TCPA of $500.00 per telephone call made to Plaintiff pursuant to 47 U.S.C. § 227(b)(3)(B).

24. Defendants willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per telephone call made to the Plaintiff pursuant to 47 U.S.C. § 227(b)(3).

## COUNT II.

## VIOLATION OF THE GEORGIA FAIR BUSINESS PRACTICES ACT ("GFBPA"), O.C.G.A. § 10-1-390, *et seq.*

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. Defendants' actions in attempting to collect a debt have taken place in the conduct of consumer acts or practices.

27. Defendants violated the GFBPA by use of unlawful acts and practices within the meaning of O.C.G.A. § 10-1-393.

28. Defendants acted intentionally in violating the GFBPA.

29. Plaintiff suffered damages because of Defendants' violations of the GFBPA as described above and to be further established at trial.

30. Plaintiff is entitled to the recovery of reasonable attorney's fees pursuant to O.C.G.A. § 10-1-399.

31. Plaintiff is entitled to treble damages.

## COUNT III.

## INVASION OF PRIVACY

32. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

33. Defendants intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

34. Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

35. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

36. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT IV.

## UNREASONABLE COLLECTION PRACTICES

38. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

39. Defendants used unreasonable collection practices upon Plaintiff.

40. Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

41. The intrusion by Defendants occurred in a way that would be highly offensive to a reasonable person in that position.

42. As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT V.

## RIGHT TO BE LEFT ALONE

43. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

44. Defendants violated Plaintiff's right to be left alone.

45. Defendants intentionally caused harm to Plaintiff's emotional wellbeing by engaging in highly offensive conduct in the course of collecting a debt.

46. The intrusion by Defendants occurred in a way that would be highly offensive to Plaintiff.

47. As a result, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## COUNT VI.

## PUNITIVE DAMAGES

48. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

49. Defendants violated Plaintiff's rights.

50. The Defendants' actions occurred in a way that would be highly offensive and outrageous to a reasonable person.

51. As a result, Plaintiff is entitled to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants as follows:

1. for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B);

2. for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3);

3. for an award of damages for an invasion of privacy;

4. for an award of costs of litigation, reasonable attorney's fees, and treble damages pursuant to O.C.G.A. § 10-1-390 et seq. against Defendants; and

5. for such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Respectfully submitted,

Dated: This 1st day of June, 2016.    **JOSEPH P. MCCLELLAND, LLC**

By: s/Joseph P. McClelland
Joseph P. McClelland, Esq.
Attorney I.D.#483407
Post Office Box 100
Jackson, Georgia 30233
Telephone: (770) 775-0938

- 11 -


Facsimile: (770) 775-0938
joseph@jacksonlaws.com
**Attorney for Plaintiff**

## **CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that the foregoing pleading complies with the font and point selections approved by the Court in Local Rule 5.l B. This Motion has been prepared in Times New Roman font, 14 point.

This 1st day of June, 2016.

                                    Respectfully submitted,

                                    **JOSEPH P. MCCLELLAND, LLC**

                                    By: <u>s/Joseph P. McClelland</u>
                                    Joseph P. McClelland, Esq.
                                    Attorney  I.D.#483407
                                    Post Office Box 100
                                    Jackson, Georgia 30233
                                    Telephone:  (770) 775-0938
                                    Facsimile: (770) 775-0938
                                    <u>joseph@jacksonlaws.com</u>